IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARLA J. COOK, | Case No. 3:15-cv-01891-SB |
| Plaintiff, | **AMENDED[1] FINDINGS AND RECOMMENDATION** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

**BECKERMAN, Magistrate Judge.**

Plaintiff Marla Jean Cook ("Cook") brought an action for judicial review of the Commissioner's final decision denying her Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. On November 15,

---

[1] Plaintiff correctly noted in her Objections (ECF No. 30) to this Court's original Findings and Recommendation that the Court made a computational error in its attorney fee calculation. The Court hereby amends its original Findings and Recommendation (ECF No. 28) to correct the error. As amended, the Court recommends that the district judge award $4,659.25 in attorney's fees. The Court has not made any other substantive edits to its original Findings and Recommendation, and the original scheduling order remains in effect. The Court apologizes for the error.

PAGE 1 – AMENDED FINDINGS AND RECOMMENDATION

2016, this Court recommended that the district judge reverse and remand the Commissioner's decision to the Social Security Administration for further proceedings. Judge Hernandez adopted that recommendation and entered judgment on February 1, 2017, reversing and remanding Cook's case for further proceedings. Before the Court is Cook's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

For the reasons discussed below, the Court recommends that the district judge grant in part Cook's application, and award attorney's fees in the amount of $4,659.25.

## I. BACKGROUND

Cook filed her SSI and DIB applications on April 5, 2012, alleging disability beginning May 8, 2009. Her claims were denied initially and upon reconsideration. Cook appeared before an Administrative Law Judge ("ALJ") on March 17, 2014. In a written decision issued on April 11, 2014, the ALJ applied the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a)(4), and found that Cook was not disabled. Cook timely appealed to federal court where Judge Hernandez adopted this Court's Findings and Recommendation, reversing the Commissioner's decision and remanding for further proceedings.

Cook now seeks an award of attorney's fees in the amount of $6,605.32 pursuant to the EAJA. The Commissioner opposes Cook's motion and argues that the Court should award a lower fee award because the requested amount is unreasonable in light of Cook's limited success on appeal.

## II. LEGAL STANDARD

"For the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279

F.3d 791, 793 (9th Cir. 2002). A prevailing party "is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). To defeat an EAJA fee award, the government must establish that its litigation position was substantially justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). If the government's position had a "reasonable basis in law and fact," its litigation position was substantially justified. *Id.* The government must prove that its position was substantially justified both in the original action as well as substantially justified in defending the action in court. *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988).

If the court determines that the plaintiff is the prevailing party and the government's position was not substantially justified, the court must review the requested fees to determine whether they are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The most critical factor for determining the reasonableness of attorney's fees in an EAJA case "is the degree of success obtained." *Id.* at 436.

### III. DISCUSSION

The Commissioner does not despite that Cook was the prevailing party here, but argues that her fee request should be reduced by $3,494.44 because four out of the five issues she raised in her opening brief were ultimately unsuccessful, and by $1,946.07 because Cook's reply brief seeking remand for an immediate payment of benefits was also unsuccessful.

First, the Commissioner argues that Cook's hours are unreasonable because Cook did not prevail on all of the arguments she raised in her opening brief. The degree of success achieved by a plaintiff is an important factor where she "succeeded on only some of [her] claims for relief." *Hensley*, 461 U.S. at 434. When a plaintiff achieves partial success, the Court must address two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which [s]he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

Although Cook was successful in achieving remand on appeal, the Court did not adopt all of the arguments she raised in her opening brief. As a result, the Court must examine the "claims" Cook advanced to determine whether she "failed to prevail on claims that were unrelated to the claims on which [s]he succeeded." *Id.* Claims are unrelated if they are factually and legally distinct. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005); *see also Jackson v. Astrue*, No. 3:09-cv-989-MO, 2011 WL 2619493, at *12 (D. Or. June 28, 2011) (holding that claims are related if they have a common core of facts or are based on related legal theories (quoting *Hensley*, 461 U.S. at 435)). If the claims are unrelated, "the hours expended on the unsuccessful claims should not be included in the fee award." *Dang*, 422 F.3d at 813.

The Commissioner argues that Cook's four unsuccessful arguments are divisible from her successful argument and must be evaluated to determine if they are factually and legally distinct. If the unsuccessful arguments are factually and legally distinct from her successful argument, the Commissioner argues, they are unrelated and the time spent advancing those arguments cannot be included in Cook's EAJA fee award. The Commissioner argues that each argument Cook advanced is a separate "claim" and that each claim should be compared for its degree of success and relatedness to the successful claim.

The prevailing view in this district on EAJA fee awards is contrary to the Commissioner's analysis. *See, e.g., Williams v. Astrue*, No. 1:10-CV-00194-CL, 2012 WL 3527224, at * 2 (D. Or. June 26, 2012), *report and recommendation adopted*, No. 1:10-CV-194-CL, 2012 WL 3527207 (D. Or. Aug. 15, 2012) (holding that a successful result in the plaintiff's disability appeal required the inclusion in her EAJA fee award of hours spent on failed arguments); *Eastman v. Astrue*, No. 3:11-CV-00701-PK, 2013 WL 1130784, at *4-5 (D. Or. Jan. 25, 2013), *report and recommendation adopted*, No. 3:11-CV-701-PK, 2013 WL 1130762 (D. Or. Mar. 15, 2013) (declining to exclude from the plaintiff's EAJA fee award hours spent on three failed arguments); *but see Davis v. Astrue*, No. CIV. 09-649-AC, 2012 WL 3261411, at *5-6 (D. Or. Aug. 8, 2012) (holding that the plaintiff's four unsuccessful arguments were separate, excludable, claims because the plaintiff's lone successful argument involved a purely technical error, while the remaining arguments relied on interpreting the evidentiary record).

In *Williams*, the court analyzed a similar argument advanced by the Commissioner here, and concluded that while the plaintiff presented multiple arguments, and some failed, the plaintiff advanced only one overall "claim" for disability benefits. *Williams*, 2012 WL 3527224, at *2. The plaintiff succeeded in her disability claim, and therefore the court declined to parse hours spent on each individual *argument* because "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* As in *Williams*, this Court declines to reduce Cook's fee award merely because she was not successful on each and every argument she advanced, as Cook ultimately achieved a successful outcome on appeal.

Second, the Commissioner argues that the Court should exclude from the fee award the hours spent on Cook's reply brief, because the Commissioner conceded harmful error after reviewing Cook's opening brief and agreed to support remand for further proceedings. Cook

PAGE 5 – AMENDED FINDINGS AND RECOMMENDATION

declined that offer and filed a reply brief, continuing to request remand with an immediate award of benefits. The Commissioner argues that the reply brief did not lead to a successful result because Cook did not achieve the type of remand she requested. The Court agrees.

In *Carr v. Colvin*, No. 6:13–cv–00521–PK, 2014 WL 7447739, at *1 (D. Or. Dec. 29, 2014), the court was confronted with a scenario similar to the one presented here: the claimant rejected the Commissioner's offer to remand to the agency for further proceedings, and subsequently failed to obtain greater relief. The court declined to award attorney's fees for time spent in unsuccessfully opposing the Commissioner's request for remand, because the "work did not accomplish any substantial advancement" in the claimant's position. *Id*. at *4; *see also Schroeder v. Commissioner*, No. 6:15-cv-00771-SB, at 3 (D. Or. Apr. 12, 2017) (granting EAJA fee application in part, but excluding time spent on reply brief because "Ms. Schroeder failed to obtain an immediate award of benefits after rejecting the Commissioner's initial settlement offer").

Consistent with *Carr* and *Schroeder*, the undersigned agrees with the Commissioner that Cook's fee request should be reduced by 10.1 hours (or $1,946.07, at a rate of $192.68/hour), reflecting time spent to prepare the unsuccessful reply brief filed post settlement offer, which would reduce the fee award to $4,659.25 ($6,605.32 less $1,946.07).

## IV.  CONCLUSION

Based on the foregoing, the district judge should grant in part Cook's request for EAJA attorney's fees, and award fees in the amount of $4,659.25.

DATED this 6th day of September, 2017.

_____
STACIE BECKERMAN
United States Magistrate Judge